# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY C. HUBBARD and TUESDAY S. BANNER, | § § § | No. 567, 2016 |
| Appellants Below-Appellants, | § § | |
| | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N15A-07-008 |
| MING DING, | § | |
| | § | |
| Appellee Below-Appellee. | § § | |

Submitted: December 15, 2016
Decided: February 6, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 6th day of February 2017, it appears to the Court that:

(1)     On November 29, 2016, the Court received the appellants' notice of appeal from Superior Court's judgment docketed on October 25, 2016. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before November 28, 2016.

(2)     The Clerk issued a notice directing the appellants to show cause why the appeal should not be dismissed as untimely. The appellants filed a response on December 15, 2016. They contend that they tried to file their notice of appeal on November 28, 2016 but were unaware that the Court's chambers in Wilmington had

moved. When they arrived at the correct location, it was after normal operating hours and they were turned away.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless the appellants can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, their appeal cannot be considered.[3]

(4) Although the appellants insinuate that their untimely filing is attributable to court personnel, we disagree with that characterization. Even assuming the accuracy of the appellants' version of events on November 28, it was the appellants' decision to wait until the final day of the appeal period to attempt to file their notice of appeal that led to their untimely filing.

(5) Moreover, we note that the appellants filed a motion and affidavit to proceed *in forma pauperis* in this matter. In their sworn affidavit, the appellants claim, among other things, to own no real property. By letter dated December 5, 2016, however, the appellee's counsel provided the Court with a copy of a deed and mortgage for real property owned by appellant Hubbard. The appellants do not dispute the authenticity of these public records. Under the circumstances, even if

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2]Del. Supr. Ct. R. 10(a) (2016).
[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

the appeal were not untimely, appellant Hubbard's false affidavit could provide an alternative ground for dismissal of this action under Supreme Court Rule 33.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

_____
Justice